UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WHITNEY BROCK | CIVIL ACTION NO. 22-1039 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GREGG ORR | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Amended Complaint and to Strike Plaintiff's Exhibits (Record Document 23) filed by Defendant Gregg Orr ("Orr"). Orr seeks dismissal of all claims filed against him by Plaintiff Whitney Brock ("Brock") for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and for failure to join a necessary party under Rules 12(b)(7) and 19. See Record Document 23. Orr also moves to strike several exhibits attached to Brock's Amended Complaint. See id. Brock filed a response (Record Document 27), and Orr filed a reply (Record Document 30). For the following reasons, Orr's Motion is **GRANTED IN PART and DENIED IN PART**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of a slip and fall incident that occurred on January 19, 2022 at the Orr Cadillac dealership in Shreveport, Louisiana ("Orr Cadillac"). See Record Document 13 at 2. Brock, who brought her mother's car to Orr Cadillac to be serviced, claims that she "slipped and fell on a 'wet (oil) spill' outside of the service garage door where her car was park [sic] for pickup." Id. at 3. Brock alleges that "she hit her head on the concrete, fell backwards, landed on her back, and made contact with her elbows, hands, & legs." Id.

1

Based on this incident, Brock filed suit against Orr, as the owner of Orr Cadillac, in this Court on April 14, 2022. See Record Document 1. Brock brings claims under the Americans with Disabilities Act ("ADA") and under Louisiana state law for negligence. See Record Document 13 at 1. Because of the injuries she sustained, Brock seeks damages for mental anguish and emotional distress, reimbursement of medical bills, and other monetary damages. See id. at 7.

In her Amended Complaint, Brock states that she has "a physical disability and was born with Amniotic Band Syndrome." Id. at 6. Because of her condition, Brock asserts that she has "a right leg (congenital) prosthesis because she is a right below the knee amputee." Id. Brock alleges that, at the dealership, her car "should have been brought to [her] as a courtesy, proper customer service and as a reasonable accommodation" under the ADA. Id. Notably, Brock makes no allegations that Orr or anyone working at the Cadillac dealership knew of her disability; she instead lists general requirements for businesses concerning curbs, rails, and other barriers. See id.

In his Motion to Dismiss, Orr argues that he cannot be held individually liable under the ADA or state law. See Record Document 23 at 1. Orr asserts that the proper defendant here is Orr Motors of Shreveport, Inc. ("OMS"), a Louisiana corporation that had custody or control of the Orr Cadillac dealership at the time of Brock's incident. See id. at 1–2. However, according to Orr, Brock cannot join OMS as a defendant because OMS is a Louisiana citizen and such joinder would destroy this Court's diversity jurisdiction. See id. at 2. Orr further argues that Brock fails to state an ADA claim as a matter of law. See id. Finally, Orr urges this Court to strike several of the exhibits attached to Brock's Amended Complaint because they are unauthenticated. See id. at 12.

In her response to the Motion to Dismiss, Brock states that Orr has already "accepted liability through several conversations…but has not agreed to settle the case." Record Document 27 at 1. Brock also makes claims that Orr has not been notifying Brock of various filings made with this Court. See id.

In reply, Orr points out that Brock failed to "correct or even address the Amended Complaint's defects" in her opposition to the Motion to Dismiss. Record Document 30 at 1. Orr argues that, despite his many arguments that Brock failed to state a claim under the ADA, Brock failed to contest or correct any pleading defects, either in the Amended Complaint or in the opposition to the motion. See id. Additionally, Orr asserts that any allegations by Brock that Orr has stipulated to liability are erroneous. See id.

## LAW AND ANALYSIS

**I.      Legal Standard**

    **a.  Rule 12(b)(6) Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a

pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

    b.  **Rule 12(b)(7) Standard**

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for failure to join a party under Rule 19. Federal Rule of Civil Procedure 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. It also provides for the dismissal of the suit if it should not proceed without the parties who cannot be joined. See HS Resources, Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003). The Rule 19 analysis requires the court to first determine under Rule 19(a)

whether a person should be joined to the suit. If the person should be joined, but her joinder would destroy jurisdiction, then the court must determine under Rule 19(b) whether to proceed without the person or to dismiss the suit. See id. at 439. The party advocating for joinder bears the initial burden to demonstrate that a missing party is necessary. See Hood ex rel. Miss. v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009) (citation omitted). Once the movant presents facts to indicate that a "possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." Id.

**II.    Analysis**

As an initial matter, in his Motion to Dismiss, Orr asks the Court to strike multiple exhibits attached to Brock's Amended Complaint. See Record Document 23 at 12; Record Document 13. These include medical records and a recording of a phone call between Brock and an insurance agent. See Record Document 23 at 12. Brock made no argument in opposition to Orr's motion to strike. See Record Document 27.

It is likely that the exhibits were improperly attached to Brock's Amended Complaint. However, because the Court finds that the attached exhibits do not affect the ultimate conclusion on the Motion to Dismiss, the Motion to Strike is **DENIED** to the extent that it is unnecessary to reach the authentication issue in dismissing Brock's claims.

    a. **ADA claim**

In his Motion to Dismiss, Orr first argues that he cannot be held individually liable under the ADA based on the facts plead in Brock's Amended Complaint. See Record Document 23 at 5. This Court agrees and finds that Orr is entitled to judgment as a matter of law on the ADA claim.

5

Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "A successful claim under this provision must satisfy three elements: (1) the plaintiff has a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminates against the plaintiff in connection with that public accommodation based on the plaintiff's disability." Hernandez v. El Pasoans Fighting Hunger, No. 22-50240, 2022 WL 18019437, at *3 (5th Cir. Dec. 30, 2022). A "place of public accommodation" includes various types of facilities, such as those "operated by a private entity whose operations affect commerce . . .." 28 C.F.R. § 36.104. Individual persons are subject to liability under the ADA in very limited circumstances; specifically, such a claim is only proper when the individual "owns, leases (or leases to) or operates" the public accommodation and is personally involved with the alleged discrimination. See 42 U.S.C. § 12182(a); 28 C.F.R. § 36.104.

Here, Brock has adequately alleged the first element of her ADA claim: she asserts that she has "a physical disability and was born with Amniotic Band Syndrome." Record Document 13 at 6. She further alleges that she has "a right leg (congenital) prosthesis because she is a right below the knee amputee." Id. This description of Brock's physical disability satisfies the first element of an ADA claim.

However, Brock's claim fails on the second and third elements of her ADA claim. As to the second element, Brock has generally alleged that Orr owns the Orr Cadillac where the incident occurred. See Record Document at 1. However, Orr directly refutes

this claim of ownership in his verified affidavit, attached to his Motion to Dismiss. See Record Document 23-1. Orr asserts that he is "an officer and shareholder of Orr Motors of Shreveport, Inc.," which in turn operates Orr Cadillac. Id. at 1. Orr also claims that he does not "oversee or manage the day-to-day operations of Orr Cadillac." Id. at 2. Without more, Brock's mere assertion of ownership by Orr cannot serve as the basis for an ADA claim against Orr individually, especially where Orr clearly contradicts that ownership.

Further, Brock does not allege that Orr himself had any involvement with the oil spill in question, with the employees' failure to bring Brock's car to her personally, or with any of the other generic complaints regarding curbs and walkways at the dealership. Brock has not alleged that Orr (or even the Orr Cadillac employees) was put on notice of her disability. See, for e.g., Hebert v. CEC Ent., Inc., No. 6:16-CV-00385, 2016 WL 5003952, at *3 (W.D. La. July 6, 2016), report and recommendation adopted, No. 16-CV-0385, 2016 WL 5081009 (W.D. La. Sept. 16, 2016) (where plaintiffs "alleged that their child's disability and its limitations were known by the defendant"). Brock has also not alleged that Orr took some action in disregard of that disability—in other words, she has not alleged that she was discriminated against on the basis of her disability itself. Simply put, there is no allegation that "the defendant discriminate[d] against the plaintiff in connection with that public accommodation based on the plaintiff's disability." Hernandez, 2022 WL 18019437, at *3. Thus, Brock has failed to sufficiently plead the third element of her ADA claim as well. Based on the allegations in the Amended Complaint, Brock cannot state a valid ADA claim against Orr, and thus, this claim must be dismissed.

Orr also argues that under Rules 12(b)(7) and 19, OMS is a necessary party to this litigation, yet was not—and cannot now be—added to the suit. See Record Document 23

at 9–10. However, because this Court finds that Brock has failed to state a claim upon which relief can be granted against the only named defendant, Orr, the Court will not reach the issue of whether OMS is a necessary party. Orr himself is entitled to judgment as a matter of law, requiring dismissal of the ADA claim against him with prejudice, regardless of the viability of a claim against OMS.

### b. State-law claims

All that remains in Brock's suit are her state-law claims for negligence and premises liability against Orr. "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993); see Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). This Court declines to exercise jurisdiction over Brock's state-law claims. Considering the early stage of this litigation, the lack of complex or novel legal issues here, and the lack of exceptional circumstances justifying retention of jurisdiction, the Court finds dismissal of the state-law claims without prejudice is warranted.

### CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Orr's Motion (Record Document 23) is **GRANTED IN PART and DENIED IN PART**. Orr's Motion to Strike is **DENIED**. Orr's Motion to Dismiss is

**GRANTED**. Brock's ADA claims against Orr are **DISMISSED WITH PREJUDICE**. Brock's state law claims against Orr are **DISMISSED WITHOUT PREJUDICE**.[1]

A judgment consistent with the terms of this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of July, 2023.

*[signature]*
S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT

---

[1] Based on this Court's ruling dismissing Brock's claims, all other pending motions, including Brock's Motion for Summary Judgment (Record Document 14), are terminated as moot.